Jessie McDANIEL and Annie McDaniel, Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF ALABAMA, Defendant.

Civ. A. No. 89–0887–T.

United States District Court, S.D. Alabama, S.D.

Aug. 8, 1991.

See also 780 F.Supp. 1363.

Donald C. Partridge, Mobile, Ala., for plaintiffs.

J. Edward Thornton, Forrest S. Latta, Mobile, Ala., for defendant.

ORDER

DANIEL HOLCOMBE THOMAS, Senior District Judge.

This case is before this Court on a motion for summary judgment filed by the defendant, Blue Cross and Blue Shield of Alabama (Blue Cross). On August 7, 1990, the parties jointly filed a preliminary pretrial order setting forth the uncontested facts. The Court finds that there is no genuine issue as to any material fact and that this action can be decided by applying the law to the facts. This Court hereby DENIES the defendant's motion for summary judgment and finds that the plaintiff is entitled to benefits.

This action involves an employee welfare benefit plan under which the defendant, Blue Cross, denied the plaintiffs' claim for health insurance benefits. The McDaniels purchased insurance through a plan offered by Jessie McDaniel's employer, Automotive Wholesalers Association of Alabama. Their insurance coverage became effective on January 1, 1987. The terms of the "Employee's Health Benefit Plan for Employees of Automotive Wholesalers Association of Alabama" mandates a 270-day waiting period before any pre-existing conditions are covered.

In April of 1987, Dr. Curtright, Ms. McDaniel's doctor, recommended that she undergo a complete hysterectomy. In arranging for her hospitalization, Ms. McDaniel requested pre-admission certification from Blue Cross. Before approving Ms. McDaniel's admission, Blue Cross requested information from Dr. Curtright. After reviewing this information, Blue Cross sent Ms. McDaniel a letter, dated March 23, 1987, stating:

> Our Medical Review Staff received medical information from Dr. Curtright on your proposed admission to Mobile Infirmary on April 1, 1987. Based on that information and the latest information provided by your employer regarding your eligibility, the admission has been approved for the diagnosis submitted on the pre-admission certification form dated March 23, 1987. Payment will be assured for those days during which the admission is determined to be medically necessary for the patient's condition.... This approval is subject to the patient's eligibility for contract benefits on the admission date.... Please present this letter to your hospital's Admitting Department when you go into the hospital.

Relying upon the defendant's letter of March 23, 1987, Ms. McDaniel entered the hospital and had surgery on April 1, 1991, incurring medical expense of $7,318.34.

The defendant's exposure under its policy was $5,016.80. After the surgery, Ms. McDaniel filed her claim for insurance benefits. Two nurses, employed by Blue Cross, reviewed Dr. Curtright's medical records on Ms. McDaniel and determined that her condition pre-existed the effective date of insurance coverage. Blue Cross then denied Ms. McDaniel's claim. Ms. McDaniel was notified of this decision in writing on August 27, 1987. After a request to review this denial, Blue Cross affirmed its decision, notifying Ms. McDaniel on November 10, 1987.

The McDaniel's complaint arises under the Employee Retirement Income Security Act (ERISA). The Complaint alleges that Blue Cross, as plan administrator, improperly failed or refused to pay benefits due under the insurance policy. Blue Cross submits that it did not breach any fiduciary duty to the plaintiff.

■ Blue Cross properly states that the initial issue to determine is the standard of review. Blue Cross relies on the *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) case to support the application of the "arbitrary or capricious" standard of review. In *Bruch*, the Court held that the standard of review depends upon the language of the plan. If the plan language gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the plan, then the Court reviews such determinations under the arbitrary or capricious standard. Under this standard, a fiduciary or plan administrator's decision is to be upheld unless the plaintiff proves that the decision is not reasonable or rationally based on the facts. The Court agrees that the arbitrary and capricious standard of review applies to this case because Blue Cross, as the plan administrator, has discretion to make eligibility determinations and construe the terms of the plan.[1]

---

1. The plan in this case contains the following provision:

SECTION IX—GENERAL PROVISIONS
K. Administrator's Determination Final and Conclusive

> As a condition precedent to coverage, it is agreed that whenever the Administrator makes reasonable determinations which are not arbitrary or capricious in the administration of the Plan (including, without limitation,

■ Even though the arbitrary or capricious standard applies, the degree of deference actually exercised in application of this standard is significantly diminished. In *Brown v. Blue Cross & Blue Shield of Alabama*, 898 F.2d 1556 (11th Cir.1990), the court held that an inherent conflict exists when the insurance company acts as the fiduciary, vested with authority to interpret the ERISA plan, and pays benefits out of the company's assets. "A strong conflict of interest [exists] when the fiduciary making a discretionary decision is also the insurance company responsible for paying the claims...." *Id.* at 1562 (citing *Jader v. Principal Mutual Life Ins. Co.*, 723 F.Supp. 1338, 1343 (D.Minn.1989)). "The inherent conflict between the fiduciary role and the profit-making objective of an insurance company makes a highly deferential standard of review inappropriate." *Id.* at 1562.

The reasoning for a less deferential standard lies in the role of the fiduciary. A fiduciary is measured by a standard of loyalty and a standard of care in the exercise of its duties. *See* 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B). The fiduciary is under a duty to act solely in the interest of plan participants and beneficiaries. *Id.* at 1567.

■ The Court finds that Blue Cross breached its duty of care to Ms. McDaniel by failing to fully review her medical records before issuing the pre-admission certification letter. Blue Cross acted in an arbitrary and capricious manner by issuing the pre-admission certification without first determining Ms. McDaniel's eligibility for benefits. A cursory review of Ms. McDaniel's medical records would have revealed her eligibility status and Blue Cross, as the fiduciary, had a duty to determine her status before sending notification that admission was approved. Ms. McDaniel requested pre-certification from Blue Cross. Blue Cross, in turn, requested medical information from Dr. Curtright concerning Ms. McDaniel's proposed admission. Blue Cross reviewed Dr. Curtright's information and approved coverage, based on this information. Ms. McDaniel entered the hospital, underwent surgery and submitted a claim to Blue Cross. Blue Cross then reversed its position and denied the claim. Blue Cross now relies on Dr. Curtright's records to support the contention that Ms. McDaniel is ineligible for benefits. This Court concludes that Blue Cross had easy access to all records kept by Dr. Curtright both before and after Ms. McDaniel's admission to the hospital. Blue Cross either had or had access to these records but failed to properly review them before approving Ms. McDaniel's admission. *See Teeter v. Supplemental Pension Plan*, 705 F.Supp. 1089 (E.D.Pa.1989) (fiduciary has duty to seek reasonably obtainable information bearing on beneficiary's claim).

The Court is aware that the pre-admission certification stated that approval was subject to Ms. McDaniel's eligibility for contract benefits on the admission date. Ms. McDaniel was insured through her husband's policy. To the Court's knowledge, Blue Cross did not question Ms. McDaniel about her medical history before issuing coverage. Ms. McDaniel, therefore had no opportunity to disclose any information about her condition. Blue Cross stated that the Medical Review Staff received medical information from Dr. Curtright and that, based on that information, Ms. McDaniel's admission had been approved. Any reasonable person in Ms. McDaniel's position would assume, from the language of the admission certification letter, that Blue Cross had determined her eligibility as part of the process of approving coverage.

Blue Cross breached its duty of care and acted in an arbitrary manner by making

determinations whether services, care, treatment, or supplies are Medically Necessary, whether surgery is Cosmetic Surgery, or whether charges are reasonable), such determinations shall be final and conclusive.
This provision has been interpreted as giving Blue Cross discretionary authority to make such

determinations as whether a claimant is eligible for benefits. *See Riley v. Blue Cross & Blue Shield of Alabama*, Mem.Op. Case No. 89–0033–BH (S.D.Ala.1989) (Hand, J., District Judge).

the decision to issue this pre-admission certification before determining Ms. McDaniel's eligibility status. *See Pokratz v. Jones Dairy Farm,* 771 F.2d 206 (7th Cir. 1985) (in finding decision arbitrary or capricious, court must find that decisionmaker overlooked something important or seriously erred in appreciating significance of evidence). In conclusion, the Court finds that Ms. McDaniel is entitled to benefits in the amount of $5,016.80, due under the policy. Under 29 U.S.C. § 1132(g)(1) the Court has discretion to award reasonable attorney's fees. The plaintiff's attorney has thirty (30) days from the date this order is entered to submit a request, along with appropriate documentation.